# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARY CARVER**                                                  **CIVIL ACTION**

**VERSUS**

**WAL-MART STORES, INC.**                                **NO. 08-42-M2**

## RULING & ORDER

This matter is before the Court on the Motion to Remand (R. Doc. 4) filed by plaintiff, Mary Carver ("Carver").   Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), has filed an opposition (R. Doc. 7) to Carver's motion.

## FACTS & PROCEDURAL BACKGROUND

On December 19, 2007, Carver filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.  In her petition for damages, she alleges that she slipped and fell at the Wal-Mart located on College Drive in Baton Rouge on January 15, 2007, as a result of the "unreasonably dangerous nature of the walking surface" on Wal-Mart's premises.  Carver contends that she sustained "severe physical and mental injuries as a direct consequence of the subject accident, including, but not limited to, back pain, hip pain, bilateral knee pain and disc bulges."  She further alleges that she "has suffered and will continue to suffer severe physical and emotional pain and discomfort as a direct result of her accident-related injuries, and is therefore entitled to recover damages for the following":  (1) physical pain and discomfort; (2) mental pain and discomfort; (3) mental anguish; (4) loss of enjoyment of life; (5) functional and anatomical disability; (6) disfigurement; and (7) inability to engage in and enjoy personal, social and

1

recreational activities.  Finally, Carver asserts that she "has incurred and will continue to incur significant medical expenses to diagnose and treat the injuries she sustained as a direct consequence of the subject accident."

On January 22, 2008, Wal-Mart removed Carver's action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.  Carver has now filed the present motion, seeking remand of her case to state court on the grounds that her claim for damages is worth less than the amount required for diversity jurisdiction and because the record does not demonstrate that plaintiff's claims exceed that amount.

## LAW & ANALYSIS

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the

---

[1] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Carver's petition, it is ambiguous as to whether or not her damages in this matter will exceed $75,000.00, exclusive of interest and costs. Carver has not prayed for a state court jury trial so it is not even clear to the Court, based upon her allegations, whether her damages will exceed $50,000.00.[3] Furthermore, the list of damages contained in the petition simply provides the usual and customary damages

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

set forth by personal injury plaintiffs and does not provide the Court with any guidance as to the actual monetary amount of damages Carver has or will incur in this matter.

Given that it is not "facially apparent" from Carver's petition whether her damages will exceed the jurisdictional minimum, the Court must next consider whether Wal-Mart has met its burden of proving, through summary judgment-type evidence, that the amount in controversy in this matter is likely to exceed the jurisdictional minimum.  As evidence of the amount in controversy, Wal-Mart has submitted a copy of a settlement demand letter sent to Wal-Mart's Claims Manager by Carver's counsel two months before the filing of the state court petition, wherein Carver offered to settle this case for $150,000.00.  *See*, October 17, 2007 demand letter, attached to Wal-Mart's opposition as Exhibit "B."  In that letter, plaintiff's counsel provides a detailed description of Carver's physical injuries and treatment and notes that Carver's medical treatment is still ongoing.  Plaintiff's counsel explains that Carver has incurred medical expenses in the total amount of $9,120.50 for her injuries, and "despite the . . . facts and research" discussed in the letter, she is willing to settle her case for $150,000.00.  *Id.*

Although the Fifth Circuit Court of Appeal has definitively held that a settlement demand letter may be considered an "other paper" which commences the running of the period for filing a notice of removal under 28 U.S.C. §1446(b),[4] it has not conclusively addressed the issue of whether a pre-petition settlement demand letter can be considered

---

[4] Pursuant to 28 U.S.C. §1446(b), if a case stated by an initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." [Emphasis added.]; 28 U.S.C. §1446(b).

as relevant evidence of the amount in controversy.  However, it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.[5][6]

Furthermore, both this Court and the Eastern District of Louisiana have previously considered settlement demands as "valuable evidence" in determining the amount in

_____

[5] In *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917 (5th Cir. 2002), the Fifth Circuit Court of Appeal held that a *post-removal* settlement demand by the plaintiff was immaterial to its determination of whether the plaintiff's claims exceeded the jurisdictional minimum.  However, the court specifically noted that several of its sister courts have considered settlement offers or demands in connection with the jurisdictional amount determination, finding that while the settlement offer itself "may not be determinative," it may "count [ ] for something" and may be considered relevant if it appears "to reflect a reasonable estimate of the plaintiff's claim." [Emphasis added.]  *Id.*, at *1.  The Fifth Circuit concluded that the reasoning of its sister courts in favor of considering settlement offers was unpersuasive in the "instant, distinguishable circumstance" in *Pollet*, which involved a *post-removal* settlement demand letter being used by the plaintiff in an effort at proving that the amount in controversy did *not* exceed $75,000.00.  *Id.*  Thus, it could be inferred from the Fifth Circuit's holding in *Pollet* that, in other distinguishable circumstances such as those in the present case, where a defendant is attempting to use a pre-removal settlement demand letter as evidence of the value of plaintiff's claims, the Fifth Circuit would find the demand letter relevant to the jurisdictional amount determination.

*See also, Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002)(where the court noted, without discussion of the issue, that the "serious nature of the allegations" raised in a settlement demand letter and the proposed settlement amount were considered in making the jurisdictional amount determination); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994)("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper").

[6] The Fifth Circuit also noted, in *Pollett*, that a "plaintiff's settlement offer is ordinarily less than the damages plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial."  This is evident in the present case from plaintiff's counsel's statement in the settlement demand letter that, "despite the . . . facts and research" discussed in the letter, Carver is offering to settle for $150,000.00.  From that statement, it could be inferred that Carver actually values her claims at more than the amount she demanded in settlement.

controversy,[7] as have numerous courts in other jurisdictions.  Specifically, courts in other

circuits have held that, while a settlement offer itself "may not be determinative" it may

"count [ ] for something" and may be considered relevant if it appears "to reflect a

reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th

Cir. 2002).[8] [9]  Several courts have even found that a settlement demand alone is sufficient

---

[7] *See, Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995)(citing *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994))(holding that the amount of a settlement offer "is valuable evidence to indicate the amount in controversy at the time of removal"); *Lonon v. Prieto*, 2000WL 913808 (E.D. La. 2000).

[8] *See, Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997)(plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)(while a "settlement offer, by itself, is not determinative, it counts for something," and "great weight" should be given to the plaintiff's assessment of a case's value when determining removal jurisdiction); *Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102 (S.D. Ca. 2003)(If damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands to determine the amount in controversy.  Settlement offers are "relevant evidence of the amount if controversy if they appear to reflect a reasonable estimate of the plaintiff's claim"); *Krajca v. Southland Corp.*, 206 F.Supp.2d 1079 (D. Nev. 2002); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041, 1043 (D.Ariz. 2001); *Baxter v. National Safety Council*, 2005 Wl 2219369 (W.D. Wash. 2005); *Vermande v. Hyundai Motor America, Inc.*, 351 F.Supp.2d 195 (D. Conn. 2004); *Lapree v. Prudential Financial*, 385 F.Supp.2d 839 (S.D. Iowa 2005); *Ciancaglione v. Sutherlin*, 2004 WL 2040342 (E.D. Pa. 2004)(Defendants were held to have satisfied their burden of proving the requisite amount in controversy where they submitted a pre-complaint settlement demand letter seeking over $201,000.00).

*Compare, Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002)(where the court gave little credence to a plaintiff's *post-removal* settlement demand letter and stipulation to damages below the jurisdictional amount).

[9] Like other courts, the undersigned also rejects the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy, as Rule 408 only disallows use of settlement letters to prove "liability for or invalidity of the claim or its amount."  Rule 408 is inapplicable to the jurisdictional amount issue because evidence of the settlement offer is not being offered to establish the amount of Wal-Mart's liability but instead merely to indicate Carver's assessment of the value of her

to support removal jurisdiction where the plaintiff does not argue in opposition to removal that his settlement demand was inflated or was not an honest assessment of his damages. *Baxter*, at *2.[10]

In the present case, Carver has not argued in her motion to remand that the settlement demand submitted to defense counsel on October 17, 2007 was inflated or that it was not an honest assessment of her damages.[11]  The fact that the settlement offer contains four (4) pages addressing Carver's injuries, treatment, and medical expenses in detail (with references to supporting records and billing) cautions against finding that the

_____

claims.

[10] *See also, Cohn*, at 840; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

[11] Considering that Wal-Mart referenced the settlement demand in its notice of removal, Carver certainly could have addressed it in her present motion.  Furthermore, although Wal-Mart failed to attach a copy of the settlement demand letter to its notice of removal (and Carver therefore contends that remand is appropriate because there was no evidence in the record as to the amount in controversy at the time of removal), the Court nevertheless finds that it can consider the settlement demand letter submitted with Wal-Mart's present opposition because it relates to the jurisdictional facts as they existed at the time of removal. *See, Edwards v. Blue Cross/Blue Shield of Texas*, 2005 WL 1240577 (N.D. Tex. 2005)(In making the jurisdictional amount determination, the court did not ignore an affidavit which attested to the jurisdictional facts as they existed at the time of removal simply because the defendant failed to timely allege those facts in its notice of removal); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)(While a court may not consider the entire post-removal record to make the jurisdictional amount determination, it may consider post-petition affidavits and evidence if they are relevant to the time of removal); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)("The jurisdictional facts that support removal must be judged at the time of the removal . . . [P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal, . . .only if the basis for jurisdiction is ambiguous at the time of removal").  As noted above, based solely upon Carver's state court petition, the amount in controversy was ambiguous; thus, the Court is allowed to consider Carver's pre-petition settlement demand to clarify the amount in controversy.

letter was not an honest assessment of her damages.[12]  *Baxter*, at *2.  Accordingly, the Court finds that Carver's offer to settle her case for $150,000.00 is sufficient to prove that the requisite amount in controversy is met in this case.

This conclusion is supported by the Eastern District of Pennsylvania's decision in *Ciancaglione v. Sutherlin*, where that court faced a nearly identical scenario to the one the Court faces herein.  In that case, the defendants relied upon a settlement demand letter submitted to them by plaintiffs' counsel before the state court complaint was filed, in which the plaintiffs demanded $201,067.25 to settle their case.  *Id.*, at *2.  In the letter, plaintiffs' counsel documented in detail the compensation the plaintiffs were claiming for medical expenses, wage losses, and additional, unspecified sums to cover the injured party's potential future injuries and complications arising as a result of the accident, future lost earnings, and pain and suffering.  *Id.*  As in this case, plaintiffs' counsel did not disavow the valuations in the demand letter after removal, and the court found that, if the allegations contained in the letter were true and a jury found the defendant liable, the plaintiffs could certainly be awarded well in excess of $75,000.00 in damages.  *Id.*  The court concluded that "a reasonable reading of the value of the rights being litigated" led to the conclusion that the defendants had met their burden of establishing that the amount in controversy exceeds $75,000.00.  *Id.*, at *3.  For the same reasons, the Court finds that Wal-Mart has

_____

[12] Carver's discussion of her injuries and treatment in her settlement demand letter shows that she underwent treatment over the course of a seven (7) month period from January 2007 to August 2007 with Dr. Bryan Griffith of the Baton Rouge Orthopedic Clinic.  He diagnosed her with degenerative lumbar spondylosis and sciatica.  Carver also underwent physical therapy for her condition from January to April 2007 and received an epidural steroid injection at L5-S1 in May 2007 and three Synvisc injections to her right knee in July and August 2007.

met its burden of proof in the present case.

Finally, the Fifth Circuit has noted that a plaintiff is free to file a binding stipulation with the state court prior to removal indicating that he or she will not seek more than $75,000.00 in damages and that such a timely-filed stipulation will prevent removal. *Pollet*, at *1. Carver did not file such a stipulation with her state court petition and failed to respond to Wal-Mart's post-removal request that she sign a binding stipulation until after Wal-Mart filed an opposition to her remand motion, wherein Wal-Mart referenced her failure to sign a binding stipulation as further evidence that the jurisdictional minimum is satisfied in this case. Although Carver recently filed an "objection" (R. Doc. 13) to the Court's previously-filed but now vacated report and recommendation on her motion to remand,[13] wherein she indicates that, on April 23, 2008, her counsel sent a letter to defense counsel advising that she would stipulate that this matter is worth less than $75,000.00, no executed, binding stipulation has been submitted to the Court for review. Furthermore, even if Carver had submitted an executed, binding stipulation to the Court with her "objection," such post-removal attempt to reduce her damages below the federal jurisdictional minimum cannot deprive the court of jurisdiction that has already attached. *Frisard v. Bellsouth Telecommunications, Inc.*, 898 F.Supp. 369 (E.D.La. 1995), citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256 (5th Cir. 1995).

It is apparent, based upon Carver's settlement demand and her failure to submit a binding stipulation *with her state court complaint*, that her current attempt to stipulate that damages are below $75,000.00 is merely an attempt to defeat removal and cannot deprive

---

[13] Such report and recommendation was vacated on May 12, 2008 because the parties consented to jurisdiction before the undersigned.

this Court of the diversity jurisdiction that it has already determined has attached.  Only if the amount in controversy remained ambiguous after considering the evidence presented by Wal-Mart (which is not the case in this matter), would the Court be permitted to consider such a post-removal stipulation in determining the amount in controversy.  *See, Guillory v. Chevron Stations, Inc.*, 2004 WL 1661201 (E.D. La. 2004)(Given that the amount in controversy was not facially apparent from the complaint and the defendant's inability to show by a preponderance of the evidence that more than $75,000 was in controversy, the court credited the plaintiff's post-removal stipulation); *Easley v. Pace Concerts*, 1999 WL 649632 (E.D. La. 1999); *De Aguilar v. Boeing Co. [De Aguilar II]*, 47 F.3d 1404, 1406 (5th Cir. 1995)("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"); *Jackson v. Markel American Insurance Co.*, 1998 WL 527230 (N.D. Miss. 1998).  Since the Court determined that Wal-Mart has proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, the Court could not consider a post-removal stipulation, even if Carver had submitted one.

Additionally, Carver did not include in her state court petition an allegation that her damages are less than the amount required for federal diversity jurisdiction in accordance with La.C.C.P. art. 893(A)(1).[14]  While the failure to include an Art. 893(A)(1) allegation in the state court petition is not, in and of itself, determinative of the amount in controversy, such failure is entitled to some consideration in determining whether the jurisdictional minimum is satisfied.  *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D.La. 2007).  Thus,

---

[14]   La.C.C.P. art. 893(A)(1) provides, in pertinent part, that, if a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages, a general allegation that the claim is less than the requisite amount is required.  La. C.C.P. art. 893(A)(1).

10

when the Court considers Carver's failure to submit a binding stipulation with her state court complaint and her failure to include an allegation in her petition that her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893(A)(1), in combination with the assessment of the value of her case contained in her settlement demand letter, the Court finds that Carver has failed to demonstrate that it is a "legal certainty" that she will not be able to recover the jurisdictional minimum.

Accordingly;

**IT IS ORDERED** that the Motion to Remand (R. Doc. 4) filed by plaintiff, Mary Carver, is hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, May 13, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**